UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMJAD SAIYED, individually and on behalf
of all others similarly situated,

                          Plaintiffs,                                 **ORDER**
                                                                             CV 14-6862 (JS)(ARL)

       -against-

ARCHON, INC., et al.,

                          Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the motion of the *pro se* defendant, Rashid Patel ("Patel") seeking to quash subpoenas issued to Shaikh & Co., Paychex, Wroblewski and Allegro, Stephen Roger Bosin, Esq., and Peter R. Bray, Esq. The recipients of the subpoenas are the accountants, attorneys and payroll company for the defendants Patel and Archon Distribution, Inc. Patel argues, among other things, that the subpoenas command the production of information that is privileged and proprietary in nature. Patel also argues that demands are overly broad and irrelevant to the action. In opposition, the plaintiff argues that the motion should be denied because it lacks merit and is procedurally flawed. For the reasons set forth below, the motion is granted.

      To begin with, the motion must be granted with respect to the subpoena served on Paychex. In that subpoena, the plaintiff demands "[c]opies of any and all payroll records and related documents . . . in any way connected to Archon, Inc., Archon Distribution, Inc., Rashid Patel, Mohammed Ashif "Mike Gajra and any and all related persons or entities." This request is too broad. Where, as here, an FLSA case is in the pre-certification stage, discovery is limited to issues of certification. *See Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010). While the plaintiff may obtain discovery relevant to his own H1-b process and related claims, the prevailing view in the Eastern District is that class wide discovery is premature prior to FLSA certification. If conditional certification is granted, the plaintiff may then obtain relevant records for the putative class. Similarly, the plaintiff has demanded the production of "all non-privileged documents . . . in any way related to Archon, Inc,, Archon Distribution, Inc., Rashid Patel, Mohammed Ashif "Mike Gajra and any and all related persons or entities" from Shaikh & Co., Wroblewski and Allegro, Stephen Roger Bosin, Esq., Peter R. Bray, Esq. For the same reason stated above, the motion to quash these subpoenas are granted.

      Patel also sought to postpone the plaintiff's deposition that had been scheduled for January 5, 2016, because he needed more time to prepare and his daughter had a high fever requiring him to have the flexibility to take her to the hospital without delay. In response, counsel for the plaintiff wrote to both Judge Seybert and the undersigned concerning the deposition. The plaintiff requested that Patel be compelled to appear for his deposition or deem the deposition waived. Yesterday, the court received a phone call from the parties during the plaintiff's deposition. Accordingly, the application appears to be moot.

     Finally, due to a change in the court's schedule, the final conference scheduled for today was adjourned without date. In addition, a variety of motions remain pending before the District Court, which may impact the timing of the case. Accordingly, the discovery schedule is amended as follows: all discovery, inclusive of expert discovery, is to be completed by March 1, 2016; any party planning on making a dispositive motion shall take the first step in the motion process March 15, 2016. The final conference is adjourned to April 5, 2016 at 2:00 p.m. The parties are directed to submit a proposed joint scheduling order prior to the final conference.

Dated: Central Islip, New York  
       February 3, 2016

SO ORDERED:

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge

2