**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**Long Island Federal Courthouse**
**814 Federal Plaza**
**Central Islip, NY 11722-4451**
**(631) 712-5730**

BEFORE:    ARLENE R. LINDSAY          DATE: 12/8/2016
           United States Magistrate Judge
                                       TIME: 2:00 p.m.

DOCKET NO: CV 14-6862 (JS)

CASE: Saiyed v. Archon, Inc., et al

___  **INITIAL CONFERENCE**
_X_  **STATUS CONFERENCE**                 **BY TELEPHONE___**
___  **SETTLEMENT CONFERENCE**
___  **FINAL CONFERENCE  ORDER**

        **APPEARANCES:**        **FOR PLAINTIFF:**        **FOR DEFENDANTS:**

                                **Michael Farhi**         **Rashid Patel (pro-se)**

                                                          **No appearances by other**
                                                          **Defendants**

The following rulings were made:

        By order dated November 29, 2016, a conference was scheduled for today to address the plaintiff's motion to amend the complaint and motion to strike the individual defendants' answers.  The court also indicated that it wished to discuss the parties' request to transfer venue.  Although all parties were ordered to appear in person, and were warned that failure to appear could result in the imposition of sanctions, Mr Garja failed to appear.  Apparently, following the conference, Mr. Garja was advised by Mr. Patel that the court had sanctioned him on the record.  This prompted Mr Gartha to contact chambers and claim he never received notice of the conference. The court, however,  has confirmed that Mr. Garja received the scheduling order at his address of record on December 2, 2016, at 11:22 a.m. via federal express.  Accordingly, because Mr. Gartha's failure to appear prevented the court from resolving several matters, Mr. Garja is directed to reimburse the plaintiff the reasonable costs associated with his counsel's travel expenses.  Mr. Farhi is directed to file an affidavit of attorneys' fees consistent with the court's ruling on the record.  Upon receipt the court will issue an order providing Mr. Garja with the amount of

the sanction and a date by which it is to be paid.

To the extent the plaintiff's November 10 motion seeks to strike Mr. Patel's answer, that motion is denied. Mr. Patel is directed to respond to the outstanding interrogatories and document requests by January 31, 2017, consistent with the court's rulings on the record. The court will reserve decision with respect to Mr. Garja. In the meantime, the plaintiff is directed to provide Mr. Garja with another copy of the outstanding discovery requests. The court has also reserved decision with respect to the plaintiff's motion to amend. The court notes that Archon, Inc. and Mr. Garja. appear to have been served at the wrong address. Counsel for the plaintiff is directed to advise the court whether he intends to withdraw the motion in order to correct service.

Finally, during the conference, the court discussed the plaintiff's request for a change of venue under Section 1404(a) which was denied in August. The plaintiff initially made a prima facie showing that venue was appropriate in the Eastern District of New York. Specifically, the defendant Archon Inc., a New York corporation, had obtained the H-1B visas that enabled the plaintiff to work in this country. In addition, according to the complaint, the plaintiff had initially worked at both Archon, Inc., in New York, and Archon Distribution, Inc., in New Jersey. For this reason, the defendant's request to dismiss the case for lack of jurisdiction was denied. However, the plaintiff now agrees that litigating the case in New Jersey would be more convenient. During today's conference, the parties confirmed that the New York corporation closed in 2011, which was the sole connection to this jurisdiction. Both sides also confirmed that the remaining parties, the plaintiff's counsel, any potential witnesses and the evidence are all located in New Jersey, factors that are considered key to a determination under Section 1404(a). Indeed, Mr. Patel indicated that he opposes plaintiff's motion to change venue because the court previously denied his similarly based motion to dismiss. Apparently Mr Patel feels it would be unfair to grant plaintiff's motion after his request was denied. Mr Patel was unable to offer any other rationale for his objection to changing venue. Significantly, Mr. Patel believes the main reason the case was brought in New York was to harass and inconvenience him because he had sued Mr. Saiyed in New Jersey. Although venue remains proper in New York, in light of this record and given the fact that this case is in the early stages of discovery, the undersigned recommends that the District Court reconsider whether a change venue based on the convenience of the parties is warranted.

SO ORDERED:

_____/s/_____